Douglas D. Depew Neodesha City Attorney 620 Main Street, P.O. Box 313 Neodesha, Kansas 66757-0313
Dear Mr. Depew:
As City Attorney, you inquire whether funds in the Firefighters Relief Fund for the City of Neodesha may be used to purchase a laptop computer as a reasonable administrative expense.
The Firefighters Relief Act (hereinafter the Act), K.S.A. 40-1701 etseq., imposes a tax on insurance companies that issue fire and lightning policies for the purpose of creating the fund in question. The Kansas Insurance Commissioner distributes a portion of the proceeds to individual firefighters relief associations throughout the State for the purpose of caring for disabled firefighters and for providing death benefits to family members.[1] The Act provides that the proceeds are to be used by the firefighters relief associations "solely and entirely for the objects and purposes of the firefighters relief act,"[2] and additionally requires that expenditures or payments of $1,500 or more be certified as in compliance with the requirements of the Act.
You indicate that the Kansas Insurance Commissioner (hereinafter Commissioner) approved the expenditure in question as a reasonable administrative expense pursuant to K.A.R. 40-10-10. You question the authority for the regulation. The authority to promulgate this regulation must be found in the statutory authority conferred upon the Commissioner by the Legislature.[3]
The Commissioner is charged with administering the Act[4] by collecting the tax,[5] investigating the returns made by insurance companies,[6] and enforcing the payments made by both the insurance companies[7] and the firefighters relief associations[8] in accordance with the Act. In addition, the Commissioner determines the disbursements, adjustments and re-determinations of payments to the associations.[9] In light of these duties, the Legislature authorized the Commissioner to promulgate rules and regulations necessary to effect the purposes of the Act.[10] The Commissioner promulgated the regulation in question, K.A.R. 40-10-10, which deals with permissible disbursements. It states:
 "The cost of the bond for the treasurer of a firefighter's relief association, as prescribed by K.S.A. 40-1706, and reasonable administrative expenses, to be determined at the discretion of the commissioner of insurance, including stamps, stationery, safe deposit box rent, the expense of having the funds of the association audited, other similar expenses, shall be permissible disbursements from the firefighter's relief funds. Each expenditure shall be itemized in the financial statement."
Although, as you point out, K.S.A. 40-1707 lists the permissible uses of the fund, it anticipates that there may be other uses authorized in the Act. Thus, at issue is whether the Act authorizes the Commissioner to promulgate a regulation which allows her to determine what is a reasonable administrative expense.
The Legislature may delegate the authority to make discretionary decisions that effectuate the purposes of the Act, but the breadth of authority delegated must contain definite standards to govern the exercise of that discretion.[11] In our opinion the Legislature has provided both the statutory discretion to determine whether expenditures are commensurate with the Act and the standards which govern the exercise of that discretion.
The Legislature has provided the Commissioner a great deal of statutory discretion when dealing with the administration of the firefighters relief fund. First and foremost, the Commissioner can require the local county attorney to file an action to recover money spent by a firefighters relief association when the Commissioner finds that the expenditure's purpose is not authorized by the Act.[12] The standard to govern this discretion involves a determination of whether an association is making an expenditure that accomplishes or effectuates an association's statutory duty to file a plat with the Kansas Insurance Department showing the area of protection service,[13] and to submit a verified account of receipts and disbursements of moneys spent for (1) fire prevention education, (2) death benefits,[14] (3) funeral expenses, (4) pensions, (5) purchase of insurance, (6) annuities, and (7) moneys loaned to entities for improvement of fire departments.[15] The duty to provide the accounting of receipts and disbursements clearly involves administrative expense. As such the regulation authorizes the use of funds for administrative expenses that are reasonable. What is a reasonable administrative expense will clearly depend on whether and how the association is discharging its statutory duties. If a particular association does not have sufficient funds to pay for certain annuities required by statute, for example, the use of over $2,000 for a laptop may not be a reasonable expense. On the other hand, if after discharge of the association's duties there remain accumulated funds, the expenditure in question may be a reasonable administrative expense. In other words, what is a reasonable administrative expense will depend on the circumstances, and the Commissioner, in accordance with her statutory authority to determine appropriate expenditures has the discretion to determine what is a reasonable expense on a case by case basis.
In light of the Commissioner's statutory authority to promulgate regulations to effect the purposes of the act and her statutory discretion to find that an association expenditure is not authorized by the Firefighters Relief Act, it is our opinion that the Commissioner has the authority to promulgate K.A.R. 40-10-10 and approve a firefighters' association expenditure as a reasonable administrative expense on a case by case basis.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] K.S.A. 40-1706 and 40-1707.
[2] K.S.A. 40-1707(g).
[3] Pork Motel, Corp. v. Kansas Department of Health and Environment,234 Kan. 374 (1983).
[4] K.S.A. 40-1706(b)(2).
[5] K.S.A. 40-1703.
[6] K.S.A. 40-1704.
[7] K.S.A. 40-1705.
[8] K.S.A. 40-1706.
[9] Ibid.
[10] K.S.A. 40-1707(g).
[11] Gambhir v. Kansas State Board of Pharmacy, 228 Kan. 579 (1980).
[12] K.S.A. 40-1706(a).
[13] K.S.A. 40-1702.
[14] K.S.A. 40-1706.
[15] K.S.A. 40-1707.